Freeburg Law, LLC
Alex F. Freeburg, Bar No. 7-5182
Rachel Berkness, Bar No. 7-5966
PO Box 3442
Jackson, WY 83001
307-200-9720

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KFT VENTURES, LLC, | |
| Plaintiff, | Case No. |
| vs. | |
| ELITE MINING, INC. and JUSTIN PODHOLA, | |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff KFT Ventures, LLC and for its *Complaint* against Elite Mining, Inc. and Justin Podhola states and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff KFT Ventures, LLC is a New York Corporation, incorporated in New York with its principal place of business located in New York at 381 Lattingtown Rd., Locust Valley, New York.

2. Defendant Elite Mining, Inc. ("Elite Mining" or "EMI") is Wyoming Corporation incorporated in Wyoming with its principal place of business located at 1721 Ames Avenue, Cheyenne, Wyoming 82001.

3. Justin Podhola is Elite Mining's registered agent with an address for service of process of 1721 Ames Avenue, Cheyenne, Wyoming 82001.

4. Defendant Justin Podhola is an individual that, upon information and belief, is domiciled in either Wyoming or Washington State.

5. Jurisdiction is based on diversity of citizenship between Plaintiff and Defendants and the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000). 28 U.S.C. 1332.

6. This Court has personal jurisdiction over Defendants based upon their contacts with the State of Wyoming at the time of the events alleged in this *Complaint*; specifically:

   a. As a Wyoming business, this Court may exercise general personal jurisdiction over Defendant.

   b. As an individual, this Court may exercise personal jurisdiction over Justin Podhola because, upon information and belief, he currently resides in Wyoming, he voluntarily uses property in Wyoming to conduct business for EMI, and he has purposefully availed himself of the State of Wyoming in order to conduct various businesses, including EMI. Additionally, Mr. Podhola may be served in Wyoming as the registered agent for EMI.

7. The acts, omissions, negligence, and breaches of duty which give rise to this action occurred and were committed in the District of Wyoming, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

8. On April 20, 2022, the parties entered into a "Termination Agreement and Mutual Release" (the "Termination Agreement").

9. At all relevant times, the Termination Agreement constituted a valid and enforceable written contract between the parties.

10. Pursuant to the Termination Agreement, EMI agreed to pay KFT a termination fee in the amount of $250.000.00.

11. Specifically, EMI agreed to pay an initial lump sum payment of $200,000.00. within thirty days of the Termination Agreement.

12. EMI further agreed to pay an additional $50,000.00 within six months of the initial payment.

13. In exchange, KFT agreed to terminate a previous agreement between the parties (the "Hosting Agreement") and further agreed to release EMI from any obligations or liabilities which may have been enforceable by KFT against EMI thereunder.

14. Justin Podhola signed the Termination Agreement on behalf of Elite Mining.

15. KFT upheld its obligations under the Termination Agreement by no longer seeking performance under the Hosting Agreement and by releasing EMI from any obligations or liabilities arising therefrom.

16. EMI thereafter breached the terms of the Termination Agreement by failing to pay $200,000.00 to KFT within thirty days of the date of the agreement.

17. Neither did EMI pay the second installment of $50,000.00 due under the Termination Agreement.
18. To date, EMI has made no payments pursuant to the Termination Agreement.
19. At all relevant times, KFT was in compliance with the Termination Agreement.
20. Defendants has no justification for its failure to pay pursuant to the Termination Agreement.
21. Upon information and belief as evidenced by EMI's immediate and complete failure to abide by the Termination Agreement's payment terms, EMI acted with spite, ill will, and/or committed willful and wanton misconduct at the inception of the Termination Agreement.
22. Upon information and belief, there is a unity of interest and ownership between Mr. Podhola and EMI.
23. Justin Podhola is the CEO of EMI.
24. Justin Podhola also holds himself out to be the founder of EMI.
25. Mr. Podhola is listed as the hosting contact, media contact, and investor contact for EMI on its website. No other individuals are listed as a contact for EMI.
26. Upon information and belief, EMI acts as the "alter ego" of Mr. Podhola.
27. Upon information and belief, Mr. Podhola commingles funds with EMI and makes unauthorized diversions of corporate funds or assets to other-than-corporate uses.
28. Upon information and belief, Mr. Podhola disregards corporate formalities with EMI.

29. Upon information and belief, Mr. Podhola has failed to adequately capitalize EMI.

30. Upon information and belief, EMI is used as a shell for the business of Mr. Podhola, a single individual.

31. KFT has suffered damages in excess of $250,000.00 due to EMI's breach.

32. Due to EMI's undercapitalization by Mr. Podhola, adherence to the fiction of the separate existence of EMI would promote injustice upon KFT.

### CAUSE OF ACTION NO. 1 — BREACH OF CONTRACT

33. Plaintiff incorporates by reference all paragraphs in this *Complaint* as if fully set forth herein.

34. At all relevant times, the parties were subject to a valid and enforceable contract as set forth in the Termination Agreement.

35. The Termination Agreement required Defendants to pay Plaintiff a total of $250,000 within approximately seven months of the formation of the contract.

36. At all relevant times, Plaintiff was in compliance with the terms of the Termination Agreement.

37. Defendants breached the termination agreement by failing to pay Plaintiff in accordance therewith at any time.

38. Defendants' breach was unjustified.

39. To date, Defendants has failed to pay Plaintiff any of the monies owed pursuant to the Termination Agreement.

40. As the alter ego of EMI, Defendant Podhola is personally liable for EMI's breach of contract.

41. Plaintiff has suffered damages in excess of $250,000 as a result of Defendants' breach.

## DAMAGES

42. Plaintiff incorporates by reference all paragraphs in this *Complaint* as if fully set forth herein.

43. As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered damages, including but not limited to:

    a. Compensatory damages;

    b. Consequential damages;

    c. Incidental damages;

    d. Nominal damages;

    e. Punitive damages;

    f. All allowable costs, expenses, and fees associated with this litigation;

    g. Prejudgment interest;

    h. Post judgment interest; and

    i. All other damages allowed under the laws of the State of Wyoming.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, requests this Court grant judgment as follows:

I. Judgment against Defendants for economic damages in an amount consistent with the allegations contained herein and to be proven at trial;

II. Judgment for costs, expenses, fees, interest, and other such further relief as the Court deems just and equitable.

Dated November 1, 2024.        s/  *Rachel Berkness*
                               Rachel Berkness, Bar No. 7-5966
                               Freeburg Law, LLC
                               Box 3442
                               Jackson, WY 83001

## **DEMAND FOR JURY TRIAL**

Plaintiff, through counsel, requests that this matter be tried to a jury, pursuant to Federal Rule of Civil Procedure 38.

Dated November 1, 2024.             s/       *Rachel Berkness*
                                    Rachel Berkness, Bar No. 7-5966
                                    Freeburg Law, LLC
                                    Box 3442
                                    Jackson, WY 83001